# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 26, 2008

136203

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

ACEMCO, INCORPORATED,
      Plaintiff-Appellant,

v

RYERSON TULL COIL PROCESSING,
      Defendant-Appellee.

SC: 136203
COA: 272491
Muskegon CC: 04-043203-CK

_____/

On order of the Court, the application for leave to appeal the January 15, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. The parties' Supply Agreement unambiguously provides a quantity term by stating that the total purchase volume "will be . . . 33,950,000 pounds . . . plus or minus 20%." We REMAND this case to the Muskegon Circuit Court for reinstatement of the July 31, 2006 order denying the defendant's motion for summary disposition and for further proceedings consistent with this decision.

KELLY, J. (*concurring in part and dissenting in part*).

I agree with the decision to reverse the judgment of the Court of Appeals and remand this case to the trial court.

Paragraph one of the parties' supply agreement provides that "Buyer agrees to buy from Seller such quantities of [steel products] as the Buyer may specify in its purchase orders, the estimated volume of which will be a total of 33,950,000 pounds for all of the products, plus or minus 20%, over the term of the Agreement." This language could be interpreted to mean that the plaintiff is not entitled to buy any steel products whatsoever from the defendant. But it is equally possible to interpret this clause to mean that the plaintiff had an obligation to purchase at least 27,170,000 (33,050,000 minus 20 percent) pounds of steel products over the course of the contract. Hence, the contract language is ambiguous.

Once a quantity term appears in a writing that is claimed to represent a contract for the sale of goods, parol evidence may be considered to resolve ambiguities. *In re Frost Estate*, 130 Mich App 556, 559 (1983). It is the jury that must decide what quantity, if any, the supply agreement specified in this case. *Great Northern Packaging, Inc v General Tire & Rubber Co*, 154 Mich App 777, 787 (1987). For that reason, the case should be remanded to the Muskegon Circuit Court for reinstatement of the July 31, 2006, order denying the defendant's motion for summary disposition.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2008

*Corbin R. Davis*

Clerk

s0923